(78 Misc. Rep. 425.)

## PEOPLE v. BOWMAN.

(Supreme Court, Trial Term, Niagara County. November, 1912.)

1. CRIMINAL LAW (§ 519*)—EVIDENCE—CONFESSIONS—VOLUNTARY NATURE.

Where one accused of attempted bribery of a supervisor was asked in a meeting of the board of supervisors whether he had heard the charges made by such supervisor, and whether or not they were true, and answered that he had heard them, and did not deny their truth, but that they could be explained away, such admissions were properly admitted, in a prosecution for such attempted bribery, as a confession, in the absence of any showing that there was any influence by intimidation, inquisitorial compulsion, or fear present to take away their voluntary character.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1163–1174; Dec. Dig. § 519.*]

2. CRIMINAL LAW (§ 519*)—INCRIMINATING STATEMENTS—STATUTORY PROVISIONS—NECESSITY OF COMPULSION.

Penal Law (Consol. Laws 1909, c. 40) § 381, provides that a person, who was a party to bribery, who was compelled to testify thereto in any trial or investigation, shall not thereafter be liable to indictment or punishment for that bribery, and that the testimony so obtained shall not be used against him in any civil or criminal proceeding. County Law (Consol. Laws 1909, c. 11) § 27, vests a board of supervisors with power to examine any officer of the county or town as to the discharge of his official duties, and compel, by subpœna, the attendance of such officer to testify. *Held* that, where a person was not compelled to testify before a board of supervisors by authority of the County Law, and he merely made voluntary statements at a session of such board to investigate charges of attempted bribery of one of its members, the making of such statements would not exempt the person making them from prosecution for such attempted bribery.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1163–1174; Dec. Dig. § 519.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Clifford H. Bowman was convicted of an attempt to bribe, and applies for a certificate of reasonable doubt.   Application denied.

S. W. Dempsey, of Niagara Falls, for the application.

F. M. Ackerson, Dist. Atty., of Niagara Falls, opposed.

BROWN, J.   Upon the trial of the defendant upon an indictment charging him with having on the 9th day of July, 1912, offered to one of the supervisors of Niagara county a sum of money with intent to influence his vote upon the question of the selection of an architect for the construction of a county building then pending before such board of supervisors, the district attorney called many witnesses to prove that at a meeting of such board on the 5th day of September, 1912, and while such board was in executive session, Supervisor Krueger stated that the defendant, on the 9th day of July, 1912, had offered him upwards of $500 to vote for a certain architect, whereupon a supervisor asked defendant if he had heard the charges made by Supervisor Krueger, and that the defendant replied that he had heard the charges; that, he was then asked whether they were true, and the defendant replied to the effect that he had had the conversation with Supervisor Krueger on July 9, 1912, as stated by Supervisor Krueger, but that there was nothing to the talk; that it did not amount to anything; and other statements of defendant relative to his alleged conversation with Supervisor Krueger on July 9, 1912.   All of the testimony as to the statements of the defendant on September 5, 1912, at the meeting of the board of supervisors, was seasonably objected to by the defendant upon the ground that it was incompetent, privileged, that they were given and made by defendant under compulsion, that such statements were testimony given by defendant upon the investigation or proceeding of the board to ascertain whether bribery had been committed, and that no criminal prosecution could be founded thereon, and that defendant by giving such testimony had thereby been granted immunity from prosecution. These objections were all overruled, and evidence of such statements received, to which defendant excepted.   This application for a certificate admitting defendant to bail pending an appeal is made upon the ground that the admission of the testimony referred to over defendant's objection presents such a prejudicial error that there is a reasonable doubt as to whether the conviction should stand.

The evidence was received upon the theory that the statement of the defendant was an admission of certain facts.   Its admissibility was attacked upon two grounds: First, that it was a confession, and its receipt in evidence is prohibited by section 395 of the Criminal Code, for the reason that it was made under the influence of fear produced by circumstances equivalent to threats; and, second, that the statement was testimony given under compulsion during an investigation by the board of supervisors of the subject of bribery, and that the giving of such testimony granted immunity to defendant under section 381 of the Penal Law (Consol. Laws 1909, c. 40).

[1] Treating the statement as a confession, its admissibility is to be determined by the inquiry: Was it a voluntary confession, or was

it forced from the defendant by intimidation, by inquisitorial compulsion, by scaring him into giving the same, or by other like improper means, so that it could be said to have been an involuntary confession? No question was raised upon the trial as to the use of improper means to extort the statement from the defendant, and no request was made that the jury should determine its admissibility by passing upon the question of the statement being given under the influence of fear, and it is not now seen how such question could well have been raised upon the evidence. The statement was made in response to the simple inquiry: "Do you deny these charges?" The defendant answered: "No; I do not deny them. There is nothing to them. They can all be explained away." Many versions of defendant's precise answer were given by several supervisors; they all agreeing that defendant did say that he did not deny the charges, but varying their testimony as to some declarations following such admission. No fact or circumstance appearing from which it can be inferred that the statement was made under influence of fear produced by threats, it was admissible in evidence, even though it was a confession.

[2] To entitle defendant to the immunity provided for by section 381 of the Penal Law, the defendant must have been compelled to testify upon a hearing, proceeding, or investigation by the board of supervisors. While it is true that such board has authority, under section 27 of the County Law (Consol. Laws 1909, c. 11), to examine any officer of the county or town in relation to the discharge of his official duties, and compel by subpœna the attendance of such officer to so testify, yet it cannot be said that defendant was compelled to testify and be a witness against himself. He was not compelled to make the statement. He did not testify. It is only testimony so given that must not be used against a defendant. It is the testimony that has been obtained under compulsion that must be rejected. People v. Sharp, 107 N. Y. 427, 14 N. E. 319, 1 Am. St. Rep. 851. It is not enough that the statement might have been obtained under compulsion upon oath, and then become testimony. The question is: Was it so obtained? It cannot be claimed that the defendant was compelled to testify in answer to the inquiries propounded to him. In fact, he did not testify. No compulsion was exercised in the slightest degree. It is only where a person has been compelled to give testimony damaging to himself that such testimony must be excluded. People ex' rel., etc., v. Davy, 105 App. Div. 603, 94 N. Y. Supp. 1037; People v. Kennedy, 159 N. Y. 346, 54 N. E. 51, 70 Am. St. Rep. 557; People v. Chapleau, 121 N. Y. 266, 24 N. E. 469; People v. Mondon, 103 N. Y. 211, 8 N. E. 496, 57 Am. Rep. 709; Teachout v. People, 41 N. Y. 7; People v. McMahon, 15 N. Y. 384; Hendrickson v. People, 10 N. Y. 13, 61 Am. Dec. 721.

These conclusions make it impossible to certify that there is a reasonable doubt whether the conviction should stand, and the application is denied.